UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                              Case Number 10-20635
                                                                                Honorable David M. Lawson
CHRISTOPHER ESPINOZA,

        Defendant.
_____/

## ORDER DENYING MOTION TO RECONSIDER ORDER DENYING MOTION FOR ADJOURNMENT OF TRIAL

The Court has received a motion filed by attorney Joseph A. Niskar, who alleges that he is the attorney of record in this case for "Defendant John Sonaike." In the motion, Mr. Niskar asks the Court to reconsider its ruling from the bench last week declining to adjourn the trial in this case, which is presently scheduled to commence on October 16, 2012. It appears that Mr. Niskar actually represents defendant Christopher Espinoza in this case. There is no "John Sonaike" named in the indictment.

In the reconsideration motion, Mr. Niskar recites his busy trial schedule, suggesting that another trial in which he is involved, the case of *United States v. Pramod Raval*, is scheduled to begin before Judge Denise Hood in this district on October 1, 2012 and run through the end of that month. Mr. Niskar also makes reference to a trial in which he will be involved in the Oakland County Circuit Court, also scheduled to begin in October.

As mentioned, the Court denied counsel's initial motion to adjourn trial from the bench on September 25, 2012. The Court observed that trial in this case had been scheduled to begin October 16, 2012, and some of the co-defendants in the case have demanded a speedy trial. During the

motion argument, counsel and the Court discussed the trial schedules of all the attorneys, and that information was taken into consideration.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

The present motion presents nothing new. As the Court stated on the record, the Court consulted with the judge in the Oakland County case and with Judge Hood concerning the competing trial schedules. Judge Hood believed that her case would conclude before October 16, 2012, although she stated that she could not guarantee that timing. The Oakland County judge expressed a willingness to coordinate the trial schedules in order to avoid a conflict for defense counsel.

Counsel in the present case cites the need to prepare as a reason justifying his adjournment request. However, it appears that counsel has been involved in this case since the beginning of March of this year, he has received the discovery from the government on a timely basis, and he has not found the necessity to file pretrial motions, with the exception of motions to extend motion filing dates and to adjourn the trial. The Court has adjourned the trial on prior occasions to accommodate the needs of other counsel. In addition, other adjournments were necessitated by the government's filing of superseding indictments.

The Court understands that it may be difficult for defense counsel to prepare for serial trials. And it may turn out that Judge Hood's case will not conclude by October 16, 2012. However, the Court indicated its intention on the record to trail this case and provide Mr. Niskar some hiatus between the conclusion of his trial before Judge Hood and the commencement of the present case. Consequently, the Court stated on the record its reluctance to postpone the October 16, 2012 trial date at the present time. The defendant has presented no information in his motion for reconsideration to cause the Court to change its view.

Accordingly, the motion for reconsideration [dkt. #346] of the order denying the motion to adjourn trial is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 27, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 27, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL